1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,

11              Respondent,                    No. CR S-00-0411 WBS GGH P

12         vs.

13    TRUONG MINH TU,

14              Movant.                        FINDINGS AND RECOMMENDATIONS

15    _____/

16    Introduction

17              Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set

18    aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]   Movant sets forth that he pled to a

19    twenty year sentence for, inter alia, conspiracy to commit arson, which was later changed to 25

20    years, and bases his motion on the following grounds: 1) his guilty plea was unlawfully induced

21    or not made voluntarily or with understanding of the nature of the charge and consequences of

22    the plea; 2) his confession was coerced; 3) he received ineffective assistance of counsel.

23    Motion, pp. 9, 12.

24    \\\\\

25    _____

26         [1]  Transferred from the Central District of California by Order filed in this court on June 21,
      2007.

                                                   1

By Order, filed on July 25, 2007, the court ordered the government to respond. On August 24, 2007, respondent filed a motion to dismiss on the ground that the motion was filed beyond the one-year AEDPA[2] statute of limitations, or in the alternative a motion for extension of time to respond to the § 2255 motion (on the merits); movant's opposition was filed on September 20, 2007.

Motion

Under 28 U.S.C. § 2255, "[a] 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The Ninth Circuit has stated:

> Under AEDPA, federal prisoners are typically required to file a motion for habeas relief within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. As the Supreme Court has explained, "[b]y 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (applying this definition to determine retroactivity of a criminal procedural rule). Moreover, "[a]pplied in the context of a criminal prosecution, finality is normally defined by the imposition of the sentence." Flynt v. Ohio, 451 U.S. 619, 620, 101 S.Ct. 1958, 68 L.Ed.2d 489 (1981) (per curiam); see also Teague v. Lane, 489 U.S. 288, 314 n. 2, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ("[A] criminal judgment necessarily includes the sentence imposed upon the defendant.").

U.S. v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005).

---

[2]  Anti-Terrorism and Effective Death Penalty Act.

The government moves for dismissal on the grounds that the motion is untimely. Motion to Dismiss (MTD), pp. 1-4.  Citing to the docket of this criminal case, respondent notes that movant pled guilty to arson resulting in death on January 28, 2004.  MTD, p. 1, Docket Entry (DE) # 157.  On June 2, 2004, movant was sentenced to life imprisonment (and restitution in the amount of $115,000).  DE # 164.  On June 8, 2004, movant filed a notice of appeal.  DE # 168.  The Ninth Circuit affirmed movant's conviction and sentence on August 10, 2005.  MTD, p. 2, DE # 196.[3]  Movant did not file a petition for writ of certiorari.  MTD, p. 2.

Citing Clay v. United States, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003) and United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000), respondent notes that a conviction becomes final when a petition for writ of certiorari is denied or the 90-day period for filing a petition for writ of certiorari expires.  MTD, p. 2, see also, Carrington v. U.S., 503 F.3d 888, 892 (9th Cir. 2007) (noting that Sup. CT. R. 13 allows 90 days from a circuit court decision for the filing of a petition for a writ of cert.).  Therefore, movant's conviction became final 90 days following issuance of the Ninth Circuit's opinion, that is, on November 8, 2005, and the § 2255 motion should have been filed by November 8, 2006.  MTD, p. 3.

Although in the Central District Order transferring the case, it was noted that this § 2255 motion was originally filed on March 1, 2007, see docket entry # 205, p. 1, within the same docket entry at page 8, it appears that while stamped as filed on March 1, 2007, the petition was stamped as lodged on February 5, 2007.  Moreover, the motion is signed by movant and dated January 28, 2007, and is accompanied by a memorandum from movant, also dated January 28, 2007.  Docket entry # 205, pp. 13-14.  Movant is entitled to the benefit of the mailbox rule, and this court will find that the instant § 2255 motion was filed on Jan. 28, 2007.  Nevertheless, respondent is correct that the instant petition, due on or before November 8, 2006, is untimely under the statute.  MTD, p. 3.  Even granting movant the application of the most liberal filing

---

[3]  Although the Ninth Circuit decision was filed on August 10, 2005, it was not filed in this court's docket until November 9, 2005.  See DE # 196.

1  date, this § 2255 motion was filed nearly three months (81 days) beyond the statutory filing

2  deadline.

3          Movant, in his opposition, does not expressly confront the timeliness issue.

4  Opposition (Opp.), pp. 1-5.  Unless movant is entitled to equitable tolling, his motion is

5  untimely.

6  *Equitable Tolling*

7          In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

8  overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir.

9  1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth

10  Circuit found that the statute of limitations could be equitably tolled if extraordinary

11  circumstances beyond a prisoner's control made it impossible to file the petition on time.  "In

12  addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the

13  failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304

14  F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

15          Equitable tolling will not be available in most cases because tolling should only

16  be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him

17  to file a petition on time.  Beeler, 128 F.3d at 1288-89.  As held in Beeler,  "[w]e have no doubt

18  that district judges will take seriously Congress's desire to accelerate the federal habeas process,

19  and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289.

20  "Mere excusable neglect" is insufficient as an extraordinary circumstance.  Miller v. New Jersey

21  Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998).  Moreover, ignorance of the law does

22  not constitute such extraordinary circumstances.  See Hughes v. Idaho State Bd. of Corrections,

23  800 F.2d 905, 909 (9th Cir. 1986).

24          In the Calderon (Beeler) case, the Court of Appeals held that the district court

25  properly found equitable tolling to allow Beeler more time to file his petition.  Beeler's lead

26  counsel withdrew after accepting employment in another state, and much of the work he left

4

1   behind was not useable by replacement counsel – a turn of events over which the court found

2   Beeler had no control.  The Court of Appeals held that the district court properly found these

3   were "extraordinary circumstances" sufficient to toll the statute of limitations.[4]

4          The Ninth Circuit also found extraordinary circumstances in <u>Calderon v. U.S.</u>

5   <u>Dist. Ct. For Cent. Dist. Of Ca. (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc).  The three

6   reasons given which independently justified tolling were: a district court stay which prevented

7   petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time

8   after the court makes a competency determination, and the fact that petitioner did at one time

9   have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any

10  doing by petitioner.  <u>Id.</u> at 541-42.  <u>See also</u> <u>Corjasso v. Ayers</u>, 278 F.3d 874 (9th Cir. 2002)

11  (clerk's unjustified rejection of a petition justified partial tolling); <u>Miles v. Prunty</u>, 187 F.3d at

12  1107 (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing

13  filing fee were circumstances beyond his control, qualifying him for equitable tolling); <u>Stillman</u>

14  <u>v. Lamarque</u>, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (equitable tolling permitted where litigation

15  coordinator broke a promise to petitioner's counsel to return a signed petition for timely filing);

16  <u>Spitsyn v. Moore</u>, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel,

17  such as wholly deficient performance, may justify equitable tolling).

18         Conversely, in <u>U.S. v. Van Poyck</u>, 980 F. Supp. 1108, 1110-11(C.D. Cal. 1997),

19  the court found that a petitioner's circumstances were not extraordinary in the following

20  circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns

21  preventing the prisoner's access to the library and a typewriter which were necessary to his

22  motion.  <u>See also</u> <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation

23  of limitations period "and his negligence in general do not constitute extraordinary circumstances

24

---

25         [4]  <u>See also</u> <u>Baskin v. United States</u>, 998 F. Supp. 188 (D. Conn. 1998), wherein the court
    applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition
26  for certiorari until thirteen months after the denial was entered.

1  sufficient to warrant equitable tolling"; Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988)

2  (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural

3  default); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did

4  not toll statute); Eisermann v. Penarosa, 33 F.Supp.2d 1269, 1273 (D.Haw. 1999) (lack of legal

5  expertise does not qualify prisoner for equitable tolling); Henderson v. Johnson, 1 F.Supp.2d

6  650, 656 (N.D. Tex. 1998) (same); Fadayiro v. United States, 30 F.Supp.2d 772, 779-80 (D.N.J.

7  1998) (delay in receipt of transcripts does not justify equitable tolling).

8         "Generally, a litigant seeking equitable tolling bears the burden of establishing

9  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

10  circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814

11  (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the

12  burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).

13  "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*

14  circumstances beyond a prisoner's control make it impossible to file a petition on time."

15  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A

16  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

17  the exceptions swallow the rule."  Id.

18         As noted, movant does not directly address the question of statutory timeliness or

19  lack thereof, but rather largely leaves it for the court to infer an argument for equitable tolling

20  based on, inter alia, his representation that he, as a native of Viet Nam, does not understand

21  English "very well," or "well enough to read and understand the procedures of filing a 28 U.S.C.

22  § 2255 motion."  Opp., pp. 1-2.  Movant avers that while he is being assisted by inmate law

23  clerks, they are unskilled "laymen," and that he is entitled not to be held to the standards of a

24  skilled professional, citing Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  Id.

25         Movant points out that he had an attorney appointed for the appeal process.  He

26  argues that during his pre-trial and sentencing procedures he had a translator to translate English

6

1   to Vietnamese, and claims that it would be a miscarriage of justice for his motion not to be heard.

2   Opp., p. 2.  Movant then goes on to argue the merits of his claims, seeking as well an evidentiary

3   hearing, although he does not, notably, make a claim of actual innocence.  Opp., pp. 3-4.

4          To the extent that movant may be seeking to assert a right to appointment and

5   assistance of habeas counsel, of course, movant has no federal constitutional right to the

6   assistance of habeas counsel.  Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566

7   (1991) (no constitutional right to counsel in post-conviction proceedings); Pennsylvania v.

8   Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987); Manning v. Foster, 224 F.3d 1129,

9   1133 (9th Cir. 2000); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996) (no right to effective

10  assistance of habeas counsel).

11         In Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006), the Ninth Circuit found that a

12  non-English speaking petitioner's alleged lack of access to Spanish language materials or

13  translation assistance during the limitations period could entitle the petitioner to equitable tolling,

14  but even assuming that such a deficiency might be found applicable in the context of other

15  foreign languages, here the movant simply has not provided adequate evidence of a wholesale

16  inability to read and write in English.  In fact, although he claims to have had the assistance of

17  others in preparing his motion, he submits the motion written in English in what is evidently his

18  own handwriting with an accompanying memorandum handwritten in English and signed by

19  movant.  See docket entry # 205, pp. 8-14.  Nor do his claims unspecified as to time (in the

20  memorandum) regarding being confined in special lock-up status warrant equitable relief.  See

21  U.S. v. Van Poyck, supra, 980 F. Supp. at 1110-11.  Moreover, the Ninth Circuit has held that

22  claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling.  See

23  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. Of

24  Corrections, supra, 800 F.2d at 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of

25  knowledge of the law unfortunate but insufficient to establish cause).

26  \\\\\

7

1    The court finds that movant, on this showing, has not met his burden to show that

2  he is entitled to equitable tolling; thus, the § 2255 motion must be found to be untimely.

3    Accordingly, IT IS RECOMMENDED that the motion to dismiss, filed on August

4  24, 2007 (#209) be granted, and movant's 28 U.S.C. § 2255 motion be dismissed with prejudice

5  as untimely.

6    These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within ten days after service of the objections.  The parties are advised

12  that failure to file objections within the specified time may waive the right to appeal the District

13  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: 02/28/08

    /s/ Gregory G. Hollows

15  _____

16  GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE

17  GGH:009
    truo0411.mtd

18

19

20

21

22

23

24

25

26

8